# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Mikita Krauchanka; | ) | |
| 1815 Arbor Lane | ) | |
| Unit 312 | ) | |
| Cresthill, IL 60403 | ) | |
| | ) | |
| Plaintiff(s) | ) | Civil Action No 1:25-cv-15620 |
| | ) | |
| v. | ) | |
| | ) | |
| Kristi Noem, in her official capacity, | ) | |
| Secretary, U.S. Department of Homeland | ) | |
| Security; | ) | |
| Joseph B. Edlow, in his official capacity, | ) | |
| Director, U.S. Citizenship and Immigration | ) | |
| Services; | ) | |
|    2707 Martin Luther King Jr. Ave, SE | ) | |
|    Washington, DC 20528-0485 | ) | |
| Ted H. Kim: Associate Director, Refugee, | ) | |
| Asylum, and International Operations | ) | |
| Directorate (RAIO) | ) | |
| 2707 Martin Luther King Jr. Ave, SE | ) | |
|    Washington, DC 20528-0485 | ) | |
| Pam Bondi, in her official capacity, Attorney | ) | |
| General, Office of Attorney General, U.S. | ) | |
| Department of Justice; | ) | |
|    950 Pennsylvania Avenue, NW | ) | |
|    Washington, DC 20530-0001 | ) | |
| | ) | |

Defendant(s).

_____

## PLAINTIFFS' ORIGINAL COMPLAINT
## FOR WRIT OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE
## PROCEDURE ACT

Brian J. Kholodovsky, Attorney for Plaintiff, BIRG LAW, 1 Northfield Plaza, Suite 502,

Northfield, IL 60093, (847/266-9001, Facsimile: 847/266-9001) Email: brian@birg.law.

1

## INTRODUCTION

COMES NOW Constantin Mikita Krauchanka (hereinafter "Plaintiff") the Plaintiff, by and through the undersigned attorney, in the above cause, and state as follows:

1.      Plaintiff is an asylee national of Ukraine. Plaintiff was granted asylum in court on June 7, 2019. Plaintiff filed an application for adjustment of status on July 21, 2020, (SRC2090380486) ("Application") with the United States Citizenship and Immigration Services.

2.      This action is brought as a result of Defendants' failure to adjudicate Plaintiff's Application within a reasonable period of time. The Application has been pending for a period of five years and 5 months (1,975 Days) without any resolution, more than double the historical processing time of 6.9 months for 2020.[1] **Ex. A, C.**   The Plaintiff has a clear right to the adjudication of the Application in a timely manner. The final adjudication of the Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

3.      The delay in making a decision on Plaintiff's Application extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

4.      Defendants cannot reasonably use COVID-19 as a defense to their failure to adjudicate the Application as any in-person interactions that are necessary or routine have already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

5.      Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq.  As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

---

[1] https://egov.uscis.gov/processing-times/historic-pt

**PARTIES**

6.    Plaintiff is a resident of Cook County, Illinois, and a Citizen of Ukraine. He is the beneficiary of the Application, which was filed by him.

7.    Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

8.    Defendant JOSEPH B. EDLOW is the Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

9.    Ted H. Kim is the Associate Director of Refugee, Asylum, and International Operations Directorate (RAIO). This action is filed against him in his official capacity.

10.    Defendant PAMELA BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against her in her official capacity.

**JURISDICTION AND VENUE**

11.    This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

12.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Plaintiffs resides.

## EXHAUSTION OF REMEDIES

13.     The Plaintiff has repeatedly requested the Defendants to make a final decision on the Application.  Further, Plaintiff has initiated numerous inquiries with USCIS directly. **Ex. B.**

14.     The Plaintiff has exhausted their administrative remedies. Plaintiff has supplied USCIS with documents that establish Plaintiff's eligibility for approval of the Application.

15.     There are no further administrative remedies available for Plaintiff to utilize.

## FACTUAL ALLEGATIONS

16.     On July 21, 2020, Plaintiff filed and paid the required government fees for the Application. (Receipt# SRC2090380486) with USCIS. **Ex. A.**

17.     Plaintiff has made numerous inquiries over the past five years and five months with USCIS and has requested adjudication of the Application. **Ex B.**

18.     Plaintiff's inquiries have resulted in continuous responses from USCIS stating that the Plaintiff's Application is still pending review.

19.     Plaintiff's Application now continues to be pending with USCIS for a total time of over five years and 5 months (1,975 Days) without any resolution.

20.     The delay in making a decision on the Plaintiff's Application extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571. **Ex. A.**

21.     In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2020 of 6.9 months for the adjudication of Form I-485 based on asylum.

Plaintiff's Application has been pending for over 65 months, which is almost ten times the average processing time as reported by USCIS.[2] **Ex. A.**

22.     Defendants have refused to provide further explanation which would merit the need for over 65 months of processing time.

23.     Plaintiff has endured significant financial and emotional burdens because of the unreasonable period of time that his application has been pending review.

24.     Plaintiff has been deprived of the right he has as an asylee to become a legal permanent resident and begin accruing time towards qualifying for citizenship.

25.     Plaintiff has been deprived of the opportunity to become a U.S. citizen for an additional five years.

26.     Moreover, Plaintiff has incurred significant attorney fees due to the Defendants' failure in adjudicating Plaintiff's Application within a reasonable period of time.

## <u>COUNT I</u>

<u>VIOLATION OF THE APA- FORM I-485</u>

27.     All prior paragraphs are re-alleged as if fully stated herein.

28.     Plaintiff has a statutory right to apply for and receive an adjudication of his Form I-485 Application for Adjustment of Status pursuant to 8 U.S.C. § §1154(a)(1)(A)(i) and U.S.C. § 1154(b).

29.     Defendants have a duty to adjudicate Plaintiff's Application within a reasonable period of time under 5 U.S.C. §555(b).

---

[2] https://egov.uscis.gov/processing-times/historic-pt

30.    The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

31.    No other adequate remedy is available to Plaintiff.

32.    Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to adjudicate the Application.

33.    The delay in making a decision on Plaintiffs' Form I-485 extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

34.    Given the Defendants' lack of a reason for not deciding on Plaintiff's Application for over 65 months, the Application has been pending for an unreasonably long period of time.

35.    Defendants have failed in their statutory duty to adjudicate the Application within a reasonable time.

36.    Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on the Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

37.    Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff, thereby depriving Plaintiff of the rights to which he is entitled.

38.    In addition, because of this delay, Plaintiff has incurred enormous costs and significant attorney fees.  Also, because of Defendants' actions, Plaintiff has been deprived of the right he has as an asylee to become a legal permanent resident and begin accruing time towards qualifying for citizenship.

39.    Plaintiff has been deprived of the opportunity to become a U.S. citizen for an additional five years. In effect, Plaintiff's life is on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enters an order mandating a certain time to adjudicate Plaintiff's Application.

2. In the alternative, the Court compels Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: December 23, 2025                     Respectfully submitted,

                                                          ____ /s Brian J. Kholodovsky
**Brian J. Kholodovsky, Esq. (6300193)**
**BIRG LAW**
**1 Northfield Plaza, #502,**
**Northfield, Illinois 60093**
**brian@birg.law**
**Phone:(847) 266-9001**
**Fax:(847) 266-9001**
***Counsel for Plaintiff***

7